Chance v. Isaacs and another.(*a*) ]

---

I. gave C. his promissory note, and C. shortly afterwards gave his two notes to I. *Prior to any of the notes becoming due*, I. became insolvent a d made an assignment of his estate, including the two notes, to a trustee for the benefit of creditors. C., in the meantime, had endorsed and passed away I.'s note and when it became due he had to take it up. C. then filed his bill to restrain the trustee from parting with his two notes and praying that the one he held made by I., the insolvent, might be set off against his own two notes. But the court distinguished this case from *Lindsay* v. *Jackson* and dismissed the bill.

---

*July* 15.
1834.

*Set-off.*

The bill in this case was filed on the seventh day of February one thousand eight hundred and thirty-four, by the above named complainant against the above named defendants ; and on the same day an injunction was granted and issued according to the prayer of the bill.

The bill set forth that on or about the twenty-seventh day of September one thousand eight hundred and thirty-three,

(*a*)  Affirmed, on appeal, see 5 Paige's C. R. 592.

the defendant Solomon I. Isaacs, being indebted to the complainant upon mercantile transactions in the sum of six hundred and eighty-seven dollars and twenty-eight cents made and delivered to the complainant his promissory note for that amount dated on that day and payable four months after date to the complainant or order. That the complainant, in the course of business and in full confidence that Isaacs would pay the note at maturity, endorsed and passed it away. That when the note became due, the defendant, Isaacs, did not pay it, nor make any provision for the payment, but became from that time insolvent. That, in consequence thereof, the complainant was liable and compelled to pay and did, on the thirtieth day of January one thousand eight hundred and thirty-four, pay the full amount of the said note at the Mechanics Bank in the city of New York; and no part of that amount had been repaid or in any way made good to the complainant by Isaacs or any other person and the note was in the complainants possession ready to be produced, when necessary; also that on or about the twenty-fourth day of October and fifth of December one thousand eight hundred and thirty-three the complainant made and delivered to said Isaacs two promissory notes, bearing date at those respective times and payable to said Isaacs or order—the first drawn at four months after date for two hundred and thirty-five dollars and six cents, and the second at six months for four hundred and seventy-one dollars and eighty-three cents and which two notes would respectively fall due on the twenty-seventh day of February and eighth day of June one thousand eight hundred and thirty-four; that very shortly before the filing of the bill, the defendant Isaacs made some transfer or assignment of all his property or some part of his property, effects and choses in action to the other defendant Isaac F. Smyth, apparently for the benefit of creditors and so that Smyth was merely a trustee of the property, effects and choses in action of Isaacs, but that the complainant had, in no way or manner, recognized such transfer or assignment. Also, that among the property, effects and choses in action so transferred by Isaacs to his trustee Smyth were the said two prom-

issory notes of two hundred and thirty-five dollars and six cents and four hundred and seventy-one dollars and eighty-three cents made and passed by the complainant to Isaacs as above mentioned; that these two notes exceeded by only about one hundred and ninety-six dollars and one cent the dishonored note of Isaacs which the complainant had been obliged to take up; and the complainant, by his bill, offered to pay that balance or to pay it into court. And that the said two notes, drawn by the complainant as above mentioned, were still in the hands, power, possession or custody of Smyth, as the mere trustee of Isaacs. That said Smyth then knew or had been informed of the complainant's having been obliged to pay and of his being still the holder of the said note for six hundred and eighty-seven dollars and twenty-eight cents drawn by Isaacs and dishonored by him and taken up by the complainant as aforesaid; that the said Smyth, as such trustee of Isaacs, was then about passing away the complainant's said two notes of two hundred and thirty-five dollars and six cents and four hundred and seventy-one dollars and eighty-three cents for the purpose of evading the just off-set which the complainant could have against the same through the said dishonored note of Isaacs of six hundred and eighty-seven dollars and twenty-eight cents; that there was no endorser upon the last mentioned note to whom the complainant could look for payment of it; that Isaacs was insolvent and that the complainant would lose the whole amount of the said note of six hundred and eighty-seven dollars and twenty-eight cents, unless the notes of the complainant for two hundred and thirty-five dollars and six cents and four hundred and seventy-one dollars and eighty-three cents should be restrained in the hands of the defendants so that the first mentioned note might be set off against the two last mentioned and the balance only be paid by the complainant. The bill then prayed that the defendants might be restrained from parting with, negotiating, hypothecating, loaning, discounting, secreting or disposing of either of the two promissory notes drawn by the complainant until the further order of the court and that the amounts to become due upon the same respectively might

be applied to satisfy the said note for six hundred and eighty-seven dollars and twenty-eight cents drawn and dishonored by the said Isaacs as aforesaid and the complainant pay only the balance of nineteen dollars and sixty-one cents or be allowed the same towards his costs and charges ; and that the complainant might have such further or other relief, &c.

The defendants severally demurred to the bill; and the demurrers were argued and over ruled by the court at the July term.

On the twenty-second of August thereafter the joint and several answer of the defendants was put in ; and the cause now stood for hearing on bill and answer.

The answer of the defendants admitted that on the twenty-seventh day of September one thousand eight hundred and thirty-three, Isaacs, being indebted to the complainant in six hundred and eighty-seven dollars and twenty-eight cents for goods sold and delivered by the complainant to him at a credit of four months, made and delivered to the complainant the note for that amount mentioned and described in the bill and that the complainant endorsed and passed it away in the course of business and in full confidence that Isaacs would pay it at maturity. And the defendants say that Isaacs did expect and intend to pay, without any deduction or set-off to the holder (whether the complainant or any other person might be the holder) whenever the note should come to maturity. They further admitted that when the note became due, Isaacs did not pay or make any provision for the payment of it, he having become insolvent at its maturity and from and after that time and at the time of putting in the said answer being utterly insolvent, not having property of his own of any kind sufficient to pay all or any very considerable part of his just and lawful debts ; that, in consequence thereof, the complainant was liable and compelled to pay and on the thirtieth of January one thousand eight hundred and thirty-four did pay the full face of the note at the Mechanics Bank in the city of New-York, and that no part of it had been repaid or in any manner made good to the complainant by Isaacs or any other person and that the

note was in the complainant's possession. The answer further admitted that on the twenty-fourth of October and fifth of December one thousand eight hundred and thirty-three the complainant made and delivered to Isaacs the two notes for two hundred and thirty-five dollars and six cents and four hundred and seventy-one dollars and eighty-three cents mentioned and described in the bill for a valuable and good consideration, namely, for goods sold and delivered by Isaacs to the complainant on or before the dates thereof and that Isaacs expected and had reason to expect that the said notes would be duly paid in lawful money to him or his assigns or indorsees as the case might be or to whomsoever should become lawfully the holder or holders thereof whenever the same should come to maturity. And the defendants averred that the complainant expected and intended to pay the same accordingly to the holder or holders thereof without any deduction or set-off whatever. The defendants, in their answer, further said that Isaacs did, on the eighteenth day of January one thousand eight hundred and thirty-four, previous to the maturity of all the notes and before the filing of the bill and before any request to him to set off the notes of the complainant against the note of Isaacs, appropriate, apply and assign his property, real, personal and mixed, for the benefit of all his creditors, including the complainant, as was set forth in the assignment made by him, of which the defendants exhibited a copy, which assignment included the assignment or transfer of the complainant's notes by Isaacs to Smyth, in trust for the benefit of the creditors of said Isaacs exclusively and in no manner whatever for the benefit of Isaacs and which was the same assignment referred to in the bill as transferring to said Smyth, as trustee, among other property, the said two notes made by the complainant to Isaacs. The defendants denied that Isaacs made any other assignment or transfer of the said notes to Smyth or to any other person or persons ; and they especially denied that the said assignment thereof was made in any manner for the benefit of Isaacs : but they averred that the notes were assigned and transferred to Smyth in trust exclusively for the benefit of the creditors of Isaacs mentioned or referred to in the assignment, to which the de-

fendants referred as part of their answer. They further said that Isaacs became and was insolvent, as alleged in the bill, both at the time when his note became due and before, to wit, at the time of his making the assignment and was insolvent on the day of its date and so ever since had been and then was utterly insolvent and without any prospect or future means of paying his just debts, save by his future earnings. They further averred that the said assignment to Smyth was truly as well as apparently made to him for the benefit of the creditors of Isaacs ; they denied that Smyth was merely a trustee of any of the property, effects or choses in action which formed the subject of the assignment or the trustee of Isaacs and for his benefit or subject in any manner to his control : but they averred that the assignment was made and executed and the trust therein and thereby expressed was created and declared in good faith for the benefit of the creditors of said Isaacs exclusively, but the said Isaacs, by reason of his insolvency, had not any interest in the said property assigned nor any other benefit then expectant or resulting therefrom than that the same should be duly applied to the lawful satisfaction of his just debts and this the defendants insisted and submitted to the court was not any such trust for the benefit, use or interest of Isaacs as in any manner restrained, prevented or defeated the complete transfer and assignment in fact and in law of the said two notes by Isaacs to Smyth—and they averred that the true and real interest of the said assignment was to invest in and transfer to Smyth, as part of the subject of said assignment, both of the said two notes in trust for the use and benefit of the said creditors of Isaacs and not otherwise. They further said, that the complainant had recognized the assignment co-equally with other creditors of Isaacs, that is to say, he had not refused and rejected absolutely all benefit from the said trust, but suffered the presumption of law in favour of his acceptance of the said benefit as a creditor to stand unrenounced, with the evident intention of claiming his share in the dividend which might be made among the creditors, if his bill of complaint should fail to procure the relief sought. The defendants admitted that the said two notes were transferred by Isaacs

1834.

CHANCE
v.
ISAACS.

to Smyth by force of the assignment and averred that the said transfer was made in good faith for the use and benefit of the creditors of Isaacs and in trust for them and not in trust for Isaacs. They admittedthat the two notes made by the complainant were in the hands or possession of Smyth at the time of the filing of the bill and then were in his power, but they denied that the same were in the hands, power, possession or custody of Smyth as the mere trustee of Isaacs and they averred that the notes were in the possession of Smyth as the mere trustee of the creditors of Isaacs and not otherwise. They admitted that the complainant held the said note of Isaacs and that he had repaid the amount thereof to some indorser, as he alleged. The defendant Smyth denied that he, as the trustee of Isaacs, was about passing away the said two notes; and that, on the contrary it was his obvious duty, as trustee for the benefit of the creditors, to retain them in his possession until they respectively should come to maturity without unnecessary and injurious loss by discount. And this defendant, Smyth, referring to this obvious and well known duty of a trustee for creditors in respect to such securities where no call for a dividend could be made, nor any occasion for expense could require such sacrifice to raise money (and he averred the complainant well knew such was the condition of this trust property) said, he should have retained the said notes until their maturity and if not then paid should have commenced a suit thereon in his own name for the benefit of the said creditors against the complainant. And the said defendant Smyth, denying all intention to deprive the complainant of his just rights, submitted to the court that the complainant, by his bill, sought to deprive the other creditors of Isaacs of their legal and just rights in the premises contrary to law and equity as theretofore known and established in this state. The defendants admitted that there was no endorser on whom the complainant could have recourse for payment of the said notes, but they denied that the whole amount of Isaacs' note to the complainant would be utterly lost to him unless he could have or be allowed the set-off which he sought in his bill. The defendants further stated that the consideration of the said two notes

respectively were goods sold and delivered by Isaacs to the complainant, and there never existed at any time any connexion between the transactions out of which the said two notes originated and the transaction out of which the note of Isaacs to the complainant originated, but the consideration of the notes made by the complainant and that of the note made by Isaacs were ever separate, distinct and disconnected from each other. They averred that all the interest of Isaacs in the said notes made by the complainant was, in fact and in law, transferred to and vested in Smyth for the benefit of the creditors of Isaacs before the maturity of the notes and the actual possession and property thereof delivered to and vested in Smyth not only by the said assignment but by indorsement thereof before the filing of the bill and before the note of Isaacs to the complainant became due and while, in fact, the said note was out of the hands and possession of the complainant and in the hands of some third person as the complainant in his bill shewed and alleged. The defendants, further answering, denied that they had combined or confederated together or with any person or persons in the premises or that they persisted or that Smyth persisted in any intention to pass away the said notes to defraud the complainant in any manner whatever, and Smyth denied that he ever alleged or pretended that either of the said notes was ever passed to him in the ordinary way of trade but, on the contrary, he had ever stated and averred that the said two notes were transferred to him as trustee for the benefit of the creditors of Isaacs in good faith and not for the benefit of Isaacs himself or any other person or persons; and the defendants admitted that the note of Isaacs to the complainant was still unpaid and that Isaacs became insolvent and stopped payment about thirty days before the day of the date of his said assignment.

Submitted on the bill and joint answer.

Mr. *Charles Edwards*, for the complainant.

Mr. *George Sullivan*, for the defendants.

THE VICE-CHANCELLOR:—When this cause was before me upon the demurrer, the latter was overruled, upon the

1834.

CHANCE
*v.*
ISAACS.

ground alleged in the bill : that the defendant, Smyth, held the two notes given by the complainant to the defendant, Isaacs, merely as trustee for Isaacs. This did not interfere with the complainant's right of set-off, especially in equity.

The answer of the defendants has, however, placed the matter on different ground. . It shews that Isaac F. Smyth holds the notes—not in trust for Solomon J. Isaacs : but for his creditors, under a general assignment for their benefit, made on the eighteenth day of January, one thousand eight hundred and thirty-four, and which was previous to the notes on either side becoming due.

As the cause is now submitted on bill and answer, the question is, upon the facts presented by the answer, whether the complainant has a right to set off Isaacs' note for six hundred and eighty-seven dollars and twenty-eight cents, which he holds, against the two notes he gave to Isaacs and which passed by his assignment to the defendant Smyth?

In order to give him this right, the note for six hundred and eighty-seven dollars and twenty-eight cents should have been due and payable and held by him when the transfer of the two notes was made by the assignment. At that time the complainant was not a creditor of the defendant Solomon J. Isaacs, with a right of any action against him. The note was outstanding in the hands of a third person, with the complainant's endorsement, but not payable until the thirtieth day of January, one thousand eight hundred and thirty-four; when, he was compelled to take it up as endorser. Then, for the first time, a right of action accrued upon the note ; but, previous to this, Isaacs had parted with the two notes given to him by the complainant and thereby the mutuality of indebtedness between the complainant and Isaacs, (and which is necessary to a set-off,) was destroyed.

In order to bring this case within the principle of *Lindsay v. Jackson*, 2 Paige's C. R. 581, the note, which the complainant now seeks to set off, should have been due and held by him while the other notes were in Isaacs' possession ; and then, by reason of the insolvency of Isaacs and the complainant being willing to forego the credit upon his own notes, and choosing to treat them as due, he would have an

equitable right to make a set-off at once; and if refused, then to apply to this court for an injunction and for relief. Not being in the situation of a creditor, with a right to demand payment at the time the transfer to Smyth was made, the complainant has lost that right. He has now no such equity against the assignee. Upon the failure and insolvency of Isaacs, he, Isaacs, was at liberty to make such disposition and appropriation of his property in good faith for the benefit of his creditors as he thought proper. The complainant had no equity to prevent him from so doing; and I see nothing to impeach the validity of the assignment. Smyth has a legal title, and may be regarded as a *bona fide* holder of the two notes for a valuable consideration in behalf of creditors generally under the trusts of the assignment. The notes being negotiable by endorsement, he may sue upon them in his own name. This is not a case where an equitable set-off can be allowed to interfere with such legal right. The assignee has the legal right; and there is as strong a natural equity that the whole of the estate of the insolvent should be distributed rateably among the creditors, as that a part of the assets should be first set apart and applied to compensate the particular debt of the complainant. Where the equities are as strong on one side as the other, the legal right must be left to prevail. In *Miller* v. *The Receiver of the Franklin Bank*, 1 Paige's C. R. 444, a set-off was allowed: but there a clear right to it existed at law when the affairs of the bank were placed in the hands of a receiver and that step could not divest the party of his legal right. I think this case is different; and, upon no principle, can the complainant have the relief for which his bill seeks.

Bill dismissed, with costs.